Good morning. Good morning. May it please the Court, my name is Suzanne Lee-Elliott and I'm here with Mr. David Zuckerman and we represent Dr. Momah in this appeal of a federal habeas decision. Will you be making all the argument? I will be. Okay. I would like to reserve two minutes for rebuttal as well. Please proceed. Dr. Momah first asked this Court to affirm Judge Kuhnauer's conclusion that the Washington State Supreme Court's decision conflicts with Waller v. Georgia on the question of whether questioning of the jurors here was an impermissible closure. But Dr. Momah asked this Court to overturn Judge Kuhnauer's conclusion that Dr. Momah has nonetheless failed to present a cognizable federal claim because he failed to object to the closure. Judge Kuhnauer stated, as a matter of federal law, a trial court need only conduct the Waller analysis if there is an objection by the accused. But that is incorrect and Waller itself demonstrates that. In footnote two on page 42 of the Waller decision, the Court noted, there were a number of petitioners in Waller, it was a joint trial of a number of defendants, and the Court noted that one of the petitioners in Waller had actually joined in the State's motion to close the proceedings, but the Georgia Court had nonetheless gone ahead and considered his closure claim. Supreme Court stated that it was reversing and remanding, even as to that petitioner, to determine whether or not that petitioner was procedurally barred from seeking relief as a matter of State law. Well, now, you're here under AEDPA, right? Yes. All right. So that puts you in a more difficult position, but not an insurmountable position. Would you say, is your best case Glebe v. Frost? Is that your best case? I actually think Waller is our best case because in Waller, Judge Kuhnhauer seemed to think that an objection was a matter of an element of a Federal claim, when in fact, Waller demonstrates that it wasn't. Having been a trial judge and having been a trial lawyer and done a lot of jury selection, it seems to me that you're putting forth almost an impossible standard to meet from the stand point because courts want to select a fair trial. You had a high publicity trial and you had a large veneer and you had a client that didn't want someone blurting out things in front of other members of the jury to pollute the jury panel and to completely start over or that person may stay on the jury panel. And so it seems to me, you know, that courts have to be able to allow to do some of the jury voir dire questioning outside the presence of other jurors in order to protect the fairness to the defendant. I completely agree with that proposition, but it doesn't have to be out of the view of the public's eye. What Dr. Moma wanted to hear was individual voir dire of particular jurors and the debate came where to put the rest of the jurors while that individual juror was questioned. The solution that the trial court adopted was to take that individual juror into chambers outside the view of the public to question them, but the original discussion was whether there was a room big enough to put the other 30 or 40 jurors while the individual questioning was conducted in the open courtroom. And I understand your views as a trial court. I mean, your client wanted that. And you know, especially in this type of trial, too, regularly in trials you have, you want to get a fair trial and you want jurors to be able to, potential jurors to say something. You know, in this case, there could be jurors on there that asked to speak privately because they've been raped and those were the allegations against the defendant. So you're proposing that they should have to, you think that people would admit that in front of the public and then you would want that person on the jury? So Washington, if you read the collection of cases that the Washington courts have, where the Washington courts have applied Waller both before and after Dr. Moma's case, that our court has said it has to be in the public courtroom. All right. But are you, is that the standard? The Waller standard is the standard. The only issue here is whether or not the Waller standard required an objection and the Washington State Supreme Court has said no objections required. The Washington Supreme Court here said there was more than no objection, that he was actually, its finding was that he was actually consenting and it was more of an affirmative waiver. And Justice Kuhnhauer found that that was an unreasonable application of the facts here. What Dr. Moma's lawyer wanted was individual questioning. He wanted to prevent the pollution of the veneer, not to prevent jurors from answering questions in open court. And he moved to expand the number of jurors who were going to be questioned individually, but not to expand the closure. There's a difference here between asking for individual voir dire of jurors outside the rest of the veneer panel and asking that, having a juror come forward and say, I don't want to discuss this in public, which were not the facts here. Did you also address the government's other argument that it wasn't clearly established that the public trial right extends to voir dire at the time that the Washington Supreme Court ruled? It was clearly established. Well, our argument is of course that Presley was simply an accumulation of other precedent that was clearly established. But even so, Presley came out before the Washington State Supreme Court decision was final. But the finality doesn't seem to matter. In Green, an appeal was still pending before the Supreme Court there, the State Supreme Court. But the Supreme Court said that didn't matter because the reasoned decision, it was only when the reasoned decision was issued. And why are we bound by that? Well, it was in Washington, when there was a motion for reconsideration, which is a part of the Washington process. The timely motion for reconsideration drew the Washington State Supreme Court's attention to Presley. But that was summarily denied. There wasn't any other ruling. Because Green directs us to look at the last reasoned decision, not at a time frame when the case is final. The case was not final in Green. I beg, well, MoMA's case was not final until after the motion for reconsideration. Right, and the Supreme Court in Green said that doesn't matter. So when we're determining whether it was an unreasonable application of Supreme Court precedent, it's at the time of the reasoned decision of the State Court. Well, under In re St. Pierre and the other decisions in Washington, I believe that the last reasoned decision was issued after the motion for reconsideration was denied. Nonetheless, Dr. MoMA also filed a personal restraint petition when the Washington State Supreme Court summarily denied his motion for reconsideration. And in that personal restraint petition, he raised the issue again. The government starts, says, well, Washington has a re-litigation bar. But this court said in state versus, or in Pertil, that Washington's re-litigation bar is not a firmly established and regularly applied rule. But there wasn't another reasoned decision, right? The reasoned decision of the Washington Supreme Court is the one we're looking at. Yes, and it was not final before Presley was decided. But our other argument, of course, is that clearly established federal court, or U.S. Supreme Court precedent would have dictated that this be an open courtroom proceeding otherwise. In addition, of course, Dr. MoMA made a petition for certiorari to the United States Supreme Court that was summarily denied. So he- 32 minutes, if you want to reserve. Thank you. I will reserve my remaining time for rebuttal. Thank you. May it please the Court, John Sampson, Assistant Attorney General for the Respondent at Applee. Good morning. Good morning, Your Honors. Judge Acuda, your questioning, I'd like to address that first. And the rule that they're applying here, that the closure of jury selection to the public that violated the Sixth Amendment right to a public trial was not clearly established until the U.S. Supreme Court's decision in Presley v. Georgia in 2010. That decision was issued after the State Supreme Court adjudicated the merits of the claim in this case. And under Green v. Fisher, the Presley case does not apply in determining whether or not the State Supreme Court decision was an unreasonable application of clearly established federal law because it did not exist at the time of the adjudication. Doesn't Press Enterprise strongly indicate that the Supreme Court would have extended the Sixth Amendment right to Vordier? It does indicate that there is clearly a First Amendment right to a public trial in Vordier. And the Supreme Court in Presley relied on Press Enterprise to find that the Sixth Amendment right applies to Vordier. But the Supreme Court also noted in Waller v. Georgia that they specifically said that the court had never considered the extent to which the Sixth Amendment right extends beyond the actual proof of trial. And Waller was decided after Press Enterprises. So Waller recognized that Press Enterprise, although it dealt with the First Amendment, did not specifically deal with the Sixth Amendment and never determined the reach of the Sixth Amendment trial right. In Presley, the court itself said that it was not determining whether both rights were coextensive in all phases of the trial. And it said it didn't have to reach that issue. What it did decide was that the Sixth Amendment right did, was coextensive with the First Amendment right as far as jury selection. And although the court did talk about it being well settled, what it was saying was it's well settled enough that we could decide this case summarily. It was not saying, the Supreme Court was not saying that it's clearly established federal law because this was not a habeas case under AEDPA. It was a direct appeal from the Georgia Supreme Court in Presley. So the state's position is that this claim is not based on clearly established federal law because until Presley, there was no Supreme Court holding that the Sixth Amendment public trial right applied to jury selection. Therefore the state court's decision could not be an unreasonable application of Supreme Court precedent. And the state court, in deciding this case, did cite the Waller and it relied on its own state constitution, Article I, Section 22, to determine that there was a violation of the open, the public trial right in this case. But because there was not a clearly established U.S. Supreme Court holding that this was a Sixth Amendment violation, relief is simply barred under 2254 D. Let me ask you a question on, is it the state's position that temporary closure of Wadeer did not amount to constitutional error or that it was constitutional error that does not require the remedy of a new trial? Your Honor, the state's position is both. The state Supreme Court, however, found there was a violation of the state constitution right to a public trial and therefore found it to be an error, but found that the remedy did not require reversal of the conviction in light of the circumstances, in light of the fact that Dr. MoMA never objected, in fact, encouraged the private questioning of the jurors. That was a reasonable application of the Waller decision because Waller itself recognized that the remedy must be specific to the violation that occurred in that particular case. So what is this, what is the standard should we use, what standard should we use to determine whether the improper closure of Wadeer merits a new trial? Your Honor, the difficulty is that there's not a clear standard yet. The Supreme Court has never really addressed a situation where there is a no objection and the defense has actually encouraged the use of private questioning. As the district court pointed out, there is not a single Supreme Court case cited by Dr. MoMA to reverse a conviction based on a situation where the defendant did not object. Now, the court did say in Waller, in that footnote, that we're going to remand the fourth defendant's claim as well to the state court, but the Supreme Court did not grant relief, did not reverse the conviction in that case. So in answer to your question, Your Honor, there is no clearly established standard, at least as to this case, as to when relief should be granted to reverse a conviction and for that reason, the petitioner is not entitled to habeas corpus release under 2254D. It's also the state's position that as a matter of federal law, even if this court were to review the case de novo, that this is one of the rights that must actually be invoked. And the Supreme Court in Levine v. United States said that the lack of an objection changed the constitutional analysis. Because the defendant did not object to the closure, the court found in that case it was a due process right to . . . But that wasn't a Sixth Amendment case, was it? No, it was not, Your Honor. But this court in Rivera has applied Levine to Sixth Amendment claims. And this court in Rivera found that the defendant had objected and therefore had preserved his right to a public trial. But the Levine court clearly said that if you don't object, that changes the right, that changes the constitutional analysis. And the Supreme Court reached a similar decision in the Peretz case dealing with the right to have an Article III judge decide a case. And the defendant did not object to the magistrate judge doing jury selection and the Supreme Court said there's no constitutional error, there's no constitutional right to have an Article III judge if you don't raise the objection. So Weaver is a case pending before the Supreme Court now that talks about improper closure of Ferv-Wadeer. Does that even matter here? No, Your Honor, because that case will be decided long after the state court's decision. So under Green v. Fisher, there is no retroactive application of Supreme Court precedent when you're conducting the 2254-D analysis. Because the law was not clearly established that the Sixth Amendment even applies in this case, the state court decision cannot be an unreasonable application of Supreme Court precedent. For that reason, relief must be barred under 2254-D. Unless the court has further questions, I would ask that the court affirm the district court. It does not appear we have any additional questions. Thank you. Thank you, Your Honor. Briefly, I would like to make three points. First in regard to the question of whether or not jurors could ever be questioned privately. The answer is yes, but the court would have to make findings, and those findings are missing from this record. It's part of the problem that Judge Kunauer identified and found were an unreasonable application of the federal precedent on that issue. Second of all, in Green, the difference between Green and MoMA's case is in Green, nothing was pending. His case had been dismissed as improvidently granted. Dr. MoMA's case, under the Washington rules of appellate procedure, was still pending at the time the motion for reconsideration was filed. And we've cited to all of the Washington precedent in that regard. As to Rivera, the court does mention Levine, but the court also relies on the federal rules of criminal procedure 51 and says a contemporaneous objection is required in federal court. I'm quite certain it is, but Washington has a different rule. There's no contemporaneous objection required. And in cases following MoMA, Wise being the one that we have cited in our briefing and is probably the most apt, the court said basically, well, they said, I don't think we'll ever see a case like MoMA again, which I take as a tacit admission that they got it wrong because in subsequent cases they found similar closures to be automatically reversible. Finally, as to what kind of remedy. In Waller, of course, it was a new suppression hearing. The problem with jury voir dire is you can't go back and redo the jury voir dire in public and then affirm the conviction, as Presley and the other cases demonstrate reversal is required. So we would ask this court to reverse Judge Kuhnauer's finding that the objection was an element of the federal claim here. All right. Thank you both for your argument. This matter will stand submitted.
judges: Fernandez, Callahan, Ikuta